## Jefferson Allen, Plff. in Err., *v.* P. O. Wolford, Now to the use of W. H. Colbert.

The neglect by a defendant in a judgment to offer in evidence a release of the judgment, given by another defendant, pending proceedings by the latter to be subrogated to the rights of the plaintiff, will not estop the former from setting up the release as a defense to a scire facias to revive the judgment by an assignee for value without notice.

(Decided November 15, 1886.)

Argued October 20, 1886, before GORDON, TRUNKEY, STER-

RETT, and GREEN, JJ. October Term, 1886, No. 193: W. D.
Error to the Common pleas of Butler County to review a judg-
ment on a verdict for plaintiff on a scire facias sur judgment.
Reversed.

The following facts appeared on the trial:

In 1879, a judgment was entered at C. P. No. 103, Septem-
ber term, 1879, in favor of P. O. Wolford for use of the Cen-
terville Savings Bank against Jefferson Allen, James Allen, and
others. The money was made in this judgment out of the pro-
ceeds of the sale by the sheriff of certain lands of James Allen,
one of the defendants, who afterwards, September 5, 1881, pre-
sented his petition reciting the facts and praying that he might
be subrogated to the rights of plaintiff. After depositions taken
and hearing had, the last hearing being February 28, 1884, when
James Allen was present with his counsel, W. H. Colbert, the
court on May 3, 1884, granted the prayer of the petition of
James Allen and subrogated him to the rights of the plaintiff,
and the judgment was assigned by him to some one, and finally
was assigned to W. H. Colbert, Esq., who on June 9, 1884, is-
sued this sci. fa. to revise the same. To this sci. fa. Jefferson
Allen, one of the defendants, appeared and pleaded payment,
and accord and satisfaction, with leave, etc. James Allen, the
subrogated plaintiff, and Jefferson Allen for father and son.

On the trial the defendant offered in evidence the following
receipt, dated April 5, 1883, and signed by James Allen:

"P. O. Wolford for use v. Jefferson Allen, James Allen,
et al., common pleas of Butler county, C. P. 103, of September
term, 1879: Know all men by these presents, that I, James
Allen, for value received do hereby discontinue all proceedings
for subrogation in behalf of said judgment and do hereby re-
lease and discharge Jefferson Allen for all claim I may have
against him by reason of the same."

The court, pro forma, refused to receive the receipt, and
directed a verdict for the plaintiff, reserving the question
whether or not this receipt should have been admitted.

The court subsequently entered judgment for the plaintiff,
on the ground that the defendant was estopped from setting up
this defense, the doctrine of res judicata applying to the case.

The assignments of error specified the action of the court:
1, in entering judgment for the plaintiff on the reserved ques-

tion; 2, in entering judgment on the verdict; 3, in not entering judgment for defendant *non obstante veredicto;* 4, in holding the defendant below estopped from offering the plaintiff's receipt in evidence; 5, in deciding that the defense of Jefferson Allen was *res judicata* in the proceedings for subrogation.

*Clarence Walker,* for plaintiff in error.—The interest of the defendant, after obtaining this receipt, was not adverse to the order of the court decreeing subrogation. Until subrogation was decreed, he could not avail himself of the receipt.

*John M. Greer,* for defendant in error.—A judgment, sentence, or decree of court of competent jurisdiction is conclusive as to every fact on which it must have been founded. 1 Grant Cas. 196.

Where a defendant has had a trial and has failed to make a defense, which he might have made under the pleadings in the case, he cannot, after judgment duly entered, subsequently obtain relief in another proceeding. Lebannon Mut. Ins. Co. v. Erb, 1 Sad. Rep. 181; Gordinier's Appeal, 89 Pa. 528; Frauenthal's Appeal, 100 Pa. 291.

As to the doctrine of equitable estoppel: The general principle is that one is estopped when his assertion of a falsehood, or his silence or neglect, has been the inducement to action by the other party, which would result in loss but for the estoppel. 11 Pa. 53; 21 Pa. 362; 42 Pa. 513.

In a sci. fa. to revive, the defendant can plead no matter or defense that should have and could have been pleaded in the original judgment. Cardesa v. Humes, 5 Serg. & R. 65; Weaver v. Wible, 72 Pa. 469; Kurtz v. Kelly, 1 W. N. C. 104.

OPINION BY MR. JUSTICE PAXSON:

We think it was error to reject the receipt of James Allen of date of April 5, 1883. Granted that the plaintiff in error was bound by the subrogation proceedings, he was bound no further than as to the order of subrogation itself. That the proceedings were pending when the receipt was given does not make any difference. After obtaining the receipt it was to plaintiff's interest that the order of subrogation should be made, for the plain reason that his receipt was of no value until it was made. The order permitted James Allen to stand in the

shoes of the plaintiff in the judgment, nothing more. It was then, and then only, that the receipt of James Allen became of value to Jefferson Allen. When, therefore, James Allen, or his assignee, attempted to enforce this judgment against plaintiff in error, he had a right to set up the receipt or release in his favor. The present use plaintiff has no reason to complain. Had he inquired of the defendant in the judgment before he became use plaintiff he would have learned the truth. That he did not do so was probably owing to his ignorance of the effect of an order of subrogation.

The judgment is reversed and judgment *non obstante veredicto* is now entered in favor of the defendant.